**COLUMBIA PICTURES INDUSTRIES, INC. et al., Plaintiffs,**

v.

**Gloria JASSO, individually and d/b/a Gloria's Video, Defendants.**

No. 96 C 2155.

United States District Court,
N.D. Illinois,
Eastern Division.

April 12, 1996.

John L. Leonard, Ronald Ward Teeple, Jennifer Ann Lazewski, Douglas Scott Buck, Defrees & Fiske, Chicago, IL, for plaintiffs.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

Now before the Court is Plaintiffs Columbia Pictures Industries, Inc. et. al's ("Plaintiffs") application for writ of seizure and impoundment. Plaintiffs produce and distribute motion pictures, and they own the copyrights for many motion pictures. Defendants Gloria Jasso and Gloria's Video ("Defendants") are allegedly engaged in "video piracy"—that is, they reproduce and/or manufacture, and then sell or rent to the public, illegal copies of copyrighted motion pictures. Plaintiffs are aware of Defendants' allegedly unlawful activity because, on March 21, 1996, Plaintiffs' investigator, William L. Herrmann, apparently rented or caused to be rented, unauthorized duplicate videocassette copies of motion pictures from Defendants at "Gloria's Video," located at 1113 Washington, Waukegan, IL.

Plaintiffs seek an *ex parte* seizure order pursuant to 17 U.S.C. § 503, which provides:

(a) "At any time while an action is pending, the court may order the impounding, on such terms as it may deem reasonable, of all copies ... used in violation of the copyright owner's exclusive rights...."

The procedures for seizure and impoundment is governed by Rules 3 through 13 of the Rules of Practice and Procedure for Copyright cases promulgated by the United States Supreme Court. These rules are found in the section following the annotations to 17 U.S.C. § 501.

■ The standard to be applied in determining whether a request for impoundment should be granted appears to be identical to the standard applied in actions for preliminary injunctive relief. *See WPOW, Inc. v. MRLJ Enterprises*, 584 F.Supp. 132, 135 (D.D.C.1984); *Paramount Pictures Corp. v. Doe*, 821 F.Supp. 82, 88 (E.D.N.Y.1993). Under this standard, Plaintiffs must show (1) that there is reasonable likelihood that Plaintiffs will succeed on the merits; (2) that Plaintiffs will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) that the balance of the hardships tips in Plaintiffs favor; and (4) that the public interest will not be disserved by the injunction. *Atari, Inc. v. North American Philips Consumer Electronics Corp.*, 672 F.2d 607, 613 (7th Cir. 1982).

Plaintiffs have established each of these required elements. Initially, there is a reasonable likelihood that Plaintiffs will succeed on the merits of their copyright and trademark infringement claims against Defendants. Plaintiffs have provided this Court with copies of the copyright registration certificates, or appropriate copyright information, showing that one or another of Plaintiffs, in fact, own the copyrights and/or the exclusive distribution rights for the motion pictures allegedly "pirated" by Defendants. Further, Plaintiffs have provided the sworn affidavit of William L. Herrmann who states that he rented what he believes to be boot-legged copies of the movies "Desperado," "Under Siege 2: Dark Territory," "Waterworld," "Mortal Kombat," and "My Family" from Defendants' video store. Herrmann further states that he believes that there are approximately 800 illegal videocassettes located on the premises of Gloria's Video at any one time and that there may be several mid-range videocassette recorders located on the premises which are used for the purposes of making illegal copies of Plaintiffs' copyrighted movies. In light of this information, it appears that Plaintiffs have a potentially valid claim under 17 U.S.C. § 106(1) and (3) as well as under 15 U.S.C. § 1125(a).

Further, Plaintiffs are likely to suffer irreparable injuries for which there is no remedy at law in the absence of an order of impoundment. Given that Defendants' illegal copies are apparently of inferior quality to genuine move cassettes, Plaintiffs are likely to suffer damage to their reputation and goodwill. More importantly, however, in the absence of a seizure order, there is a strong possibility that Defendants will attempt to destroy, remove or hide the infringing videocassettes and the equipment used to produce them. As recognized in *In re Vuitton et Fils S.A.*, 606 F.2d 1, 4–5 (2d Cir.1979), and its progeny, proceedings against those who deliberately traffic in infringing merchandise are often rendered useless if notice is given to the infringers before temporary injunctive and impoundment relief can be granted. Recognizing this danger, federal courts have repeatedly granted impoundment orders in cases similar to the one at bar. *See, e.g., Universal Studios, Inc. v. America Invesco*

*Management, Inc., et al,* No. 80–1322 (7th Cir. March 6, 1980); *Jondora Music Publishing Co. v. Melody Recordings,* 362 F.Supp. 494, 498–500 (D.N.J.1973). Indeed, orders directing the issuance of Writs of Seizure of copyrighted works have been entered by a number of judges in this district. *See Columbia Pictures Industries, Inc., et. al v. Younan,* 92 C 7401; *Columbia Pictures Industries, Inc., et. al v. Bednarz,* 94 C 2904; *Columbia Pictures Industries, Inc., et. al v. Radunsky et. al,* 94 C 1220; *Columbia Pictures Industries, Inc., et. al v. De La Vega,* 95 C 6925.

The balance of the equities favors Plaintiffs, as (1) Defendants allegedly are willfully infringing Plaintiffs' copyrights, (2) Plaintiffs face a real, substantial and immediate danger that Defendants will conceal, dispose of, or destroy the infringing tapes and the equipment used to make those tapes, and (3) Plaintiffs are suffering, and will continue to suffer, substantial financial and reputational injury as a result of Defendants' alleged wrongdoing. Moreover, issuance of an order for impoundment in this case will promote the public interests in encouraging legitimate enterprise and in preventing copyright "piracy."

Finally, an order temporarily sealing the court file is wholly consistent with the expedited nature of these proceedings. If the identity of the parties and the nature of the relief sought by Plaintiffs are publicized, the Court may be denied the opportunity of granting effective relief, as Defendants might move, destroy or conceal the allegedly infringing articles. Thus, this Court exercises its discretion and seals the files and records in its possession until either the day after April 26, 1996, or notification by the U.S. marshal or Plaintiffs' counsel that the Writ of Seizure has been executed.